IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEVIN L. KEITHLEY,

    Plaintiff,

v.

HOMESTORE.COM, INC., et al,

    Defendants.

No. C-03-04447 MJJ (EDL)

**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SANCTIONS**

    On June 12, 2006, this Court granted Defendant's motion to compel Plaintiff's deposition, holding that Plaintiff was not excused from giving his deposition in this patent infringement case even though he had already been deposed on the same patent in another case in another district court. Defendant now seeks a sanctions award pursuant to Federal Rule of Civil Procedure 37 and Civil Local Rule 37-3 of the fees incurred in bringing that successful motion to compel. If a motion to compel is granted, the court *shall* make a fee award of the "reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response or objection was substantially justified, or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37 (emphasis added).

    Defendant seeks fees in the amount of $6,595.00. Those fees consist of $3,987.50 for preparing the motion to compel (8.5 hours of legal research and preparing the motion at $305.00 per associate hour and 3 hours of partner review time at $465.00 per hour) and $2,607.50 for preparing the reply (5.5 hours of legal research and preparing the reply of associate time and 2 hours of partner

1  time to review).  See Pleune Decl. in Support of Reply at ¶¶ 15, 16.

2      Plaintiff argues that a fee award in this case would be unjust because Plaintiff was pro se at
3  the time the motion to compel was filed and reasonably believed that he did not have to give another
4  deposition.  Plaintiff, however, is not unsophisticated; he is a patent inventor who has previously
5  participated in litigation on behalf of his company.  While an award of expenses would not be unjust
6  in this case, the Court declines to award Defendant the full amount of the fee request.  The briefing
7  on the motion was neither lengthy nor legally complex, and the Court decided the motion without
8  oral argument.  Given the circumstances of this case, Defendant's fee request is reduced by six hours
9  of associate time and two hours of partner time for a total reduction of $2,760.00.  Accordingly,
10 Defendant's motion for sanctions is granted in the amount of $3,835.00.

11 **IT IS SO ORDERED.**

12 Dated: September 14, 2006

                                                           _____
13                                                            ELIZABETH D. LAPORTE
                                                           United States Magistrate Judge

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2