Scott R. Mosko (State Bar No. 106070)
scott.mosko@finnegan.com
Robert F. McCauley (State Bar No. 162056)
robert.mccauley@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
Stanford Research Park
3300 Hillview Avenue
Palo Alto, California  94304
Telephone:     (650) 849-6600
Facsimile:     (650) 849-6666

Attorneys for PLAINTIFFS
KEVIN KEITHLEY and TREN
TECHNOLOGIES HOLDINGS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KEVIN KEITHLEY and TREN TECHNOLOGIES HOLDINGS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>THE HOMESTORE.COM, INC., THE NATIONAL ASSOCIATION OF REALTORS, and THE NATIONAL ASSOCIATION OF HOME BUILDERS OF THE UNITED STATES,<br><br>Defendants. | CASE No. C03-04447 MJJ (EDL)<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF KEVIN KEITHLEY'S MOTION TO COMPEL FROM DEFENDANTS:**<br><br>**1) WEBSITE DOCUMENTS; AND**<br><br>**2) FINANCIAL AND RELATED DOCUMENTS** |

1  Plaintiff, KEVIN KEITHLEY moves for an order to compel the production of Website
2  Documents, pursuant to Request Nos. 5-11, in Plaintiff's First Set of Document Requests, and
3  Request Nos. 39-56, in Plaintiff's Second Set of Document Requests. Plaintiff also moves for an
4  order to compel the production of financial and related documents, pursuant to Request Nos. 13, 17,
5  19 - 23, and 28, in the First Set of Document Requests, and Request Nos. 67-88, 90-93, 95 and 98 in
6  the Second Set of Document Requests. The Court held a hearing on Plaintiff's motions on
7  December 12, 2006. Scott R. Mosko and Robert F. McCauley appeared on behalf of Plaintiff.
8  Bruce Rose appeared on behalf of Defendants. After reviewing the moving, opposition and reply
9  papers and after conducting the hearing on this motion, the Court makes its Order as follows:

## I. THE WEBSITE DOCUMENTS

Plaintiff's motion regarding Requests seeking website documents is GRANTED. Regarding those Requests calling for the production of source code, within a reasonable time after the date of this Order, Defendants shall serve a report and/or index from all their Source Code Control Systems that details all projects, directory structures, documents (including source code files) for each accused service and/or Homestore Website as defined in the Requests at issue during the timeframes from initial check-in of website documents to the present. The report shall include any project or product release labeling, version numbering, or other forms of tagging maintained by the Source Code Control System along with any textual description of the release label, version number, or tag and its associated date. The report shall also include descriptive material sufficient to identify the functionality implemented by the source-code files and any other source-code entities. If portions of the Defendant's source code are not under the control of a Source Code Control System, then Defendants shall prepare a report and/or index as described above by other means. Similarly, if the Defendants' Source Code Control System provides inadequate support for producing all or portions of the report and/or index described above, then Defendants shall prepare such report and/or index using other means in addition to those provided by the Source Code Control System. Plaintiff will then identify what source code it requests. Within a reasonable time of receiving the request from Plaintiff, Defendants will produce its source code. Defendants have communicated with Plaintiff that they will attempt to complete this production by the end of December, 2006.

1     Regarding the actual production of source code, it shall be produced to Plaintiff on one or
2  more DVDs along with the necessary keys that will enable its access.  These DVDs shall be
3  maintained by Plaintiff's counsel or Plaintiff's experts in a locked box when not in use.  This source
4  code shall be loaded only on a non-networked, stand alone computer under the control of Plaintiff's
5  counsel or experts.  Any printouts from the DVD shall be labeled CONFIDENTIAL – SOURCE
6  CODE – OUTSIDE COUNSEL ONLY, and the DVD and printouts shall be returned to Defendants'
7  counsel at the end of this action.

8     Plaintiff's motion to compel the production of website documents responsive to Requests that
9  do not call for source code is GRANTED.  The parties represent that they have conferred after the
10 hearing regarding these Requests.  Defendants have stated to Plaintiff that they are in the process of
11 gathering for production all business requirements documents and development methodology
12 documents as defined in the Lanovaz declaration, that concern each of their websites and products,
13 as they initially existed to the present.  These documents will include all writings that describe the
14 websites' and products' functionality, design and how they were implemented.  Defendants will use
15 their best efforts to produce these documents by December 31, 2006.

16    Regarding each of the databases within or utilized by any of Defendants' websites or
17 products since their inception to the present, Defendants have agreed to search for and produce all
18 documents that define the detailed type, format and structure of the data stored within said databases
19 (commonly referred to as a database schema).  Additionally, Defendants have agreed to search for
20 and produce all documents related to user authentication, unique user identifiers, their storage and
21 use in any data store and their use by any and all components of any of their websites or products
22 from their initial existence to the present.  Defendants will use their best efforts to produce these
23 documents by December 31, 2006.

24    Plaintiff will review this production and will further communicate with Defendants in the
25 event this production is incomplete.

26
27
28

## II. THE FINANCIAL AND RELATED DOCUMENTS

### A. Financial Documents

Plaintiff's motion regarding Requests seeking financial and related documents is GRANTED in part, and as follows: The parties have agreed that Defendants will serve a document that fully identifies each of Defendants' business units. This document will summarize the functions of each of Defendants' business units, and identify which of Defendants' websites and products are controlled by, operated by or are overseen by each business unit. Defendants shall provide this information to Plaintiff within a reasonable time after the date of this order. Plaintiff thereafter shall advise Defendants which websites and products he believes in good faith infringe the patent-in-suit. Within a reasonable time, Defendants shall serve all documents responsive to the document Requests concerning the business units which control, operate, or oversee in any manner any of the identified websites and products from and including 1997 to the present.

The parties represent they have conferred regarding these Requests. Defendants have outlined to Plaintiff various reports they propose to produce. Defendants will use their best efforts to produce these documents by December 31, 2006. Plaintiff will review this production and will further communicate with Defendants in the event this production is incomplete.

**IT IS SO ORDERED.**

DATED: December 18, 2006

