IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN KEITHLEY,<br><br>       Plaintiff,<br><br>  v.<br><br>THE HOME STORE.COM, INC., et. al.,<br><br>       Defendants.<br>_____/ | No. C-03-04447 SI (EDL)<br><br>**ORDER DENYING WITHOUT PREJUDICE AS PREMATURE PLAINTIFF'S MOTION FOR SANCTIONS REGARDING REQUESTS FOR ADMISSION AND DENYING DEFENDANTS' MOTION FOR SANCTIONS** |

    Plaintiff seeks evidentiary and monetary sanctions based on Homestore.com's responses to requests for admissions served on March 5 and 7, 2007. Plaintiff contends that Defendants improperly denied outright or denied with baseless qualifications the vast majority of the requests for admissions, thereby requiring Plaintiff to substantially expand his discovery efforts to establish facts that should have been admitted in response to those requests for admissions. Plaintiff points to the deposition of Phillip Dawley, Defendants' Chief Technology Officer, in April 2007 and January 2008, during which Mr. Dawley freely admitted many of the same facts, often in response to questions posed in the same language as requests for admission that had previously been denied. In response to Plaintiff's motion, Defendants filed their own motion for sanctions on the grounds that Plaintiff failed to meet and confer.

    The Court held a hearing on Plaintiff's motion on March 18, 2008. The Court ordered additional briefing, which was filed on March 21, 25 and 27, 2008. For the reasons set forth in this order and at the hearing, the Court denies Plaintiff's motion for sanctions without prejudice as

premature and Defendants' motion for sanctions with prejudice.

Plaintiff filed his motion for sanctions on January 29, 2008. On February 11, 2008, Defendants informed Plaintiff by letter that they believed the motion was filed without proper meet and confer. See Notice of Withdrawal Ex. A. On that same day, Plaintiff offered to meet and confer and gave Defendants until the next day at 3:00 p.m. EST to agree to do so. See id. On February 12, 2008, Defendants sent a letter to Plaintiff stating that they would welcome an opportunity to meet and confer. See Opp. to Notice to Withdrawal Ex. C.

Also on February 12, 2008, Defendants timely filed their opposition to Plaintiff's motion for sanctions, arguing, inter alia, that Plaintiff failed to meet and confer prior to filing the motion. Plaintiff concedes as much. See Mot. for Sanctions at 14:1-4 ("Although it would ordinarily be appropriate for Plaintiffs first to demand Homestore's compliance with the discovery rules before filing this motion, the damage had already been done through Homestore's willful evasion of discovery by its improper denials of information it knew to be true."). In an apparent attempt to cure this defect, on February 12, 2008 at 4:20 p.m. PST, Plaintiff filed a pleading withdrawing the motion for sanctions and re-noticing it for a new hearing date.

Plaintiff did not properly meet and confer in advance of filing his motion as required by the Local Rules. See Civil L.R. 37-1 ("The Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to FRCivP 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues."); Civil L.R. 1-5(n) ("'Meet and confer' or 'confer' means to communicate directly and discuss in good faith the issue(s) required under the particular Rule or order. Unless these Local Rules otherwise provide or a Judge otherwise orders, such communication may take place by telephone. The mere sending of a written, electronic or voice-mail communication, however, does not satisfy a requirement to 'meet and confer' or to 'confer.' Rather, this requirement can be satisfied only through direct dialogue and discussion - either in a face to face meeting or in a telephone conversation."). Instead of withdrawing the motion for a sufficient time to allow good faith meet and confer efforts, he gave Defendants a short deadline within which to meet and confer, and then filed the motion for sanctions the next day. The Court does not condone this conduct.

2

Even if the parties had adequately met and conferred, Plaintiff's motion for sanctions is premature. Plaintiff seeks sanctions pursuant to Rule 37(c)(2), which states:

> If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless:
> (A) the request was held objectionable under Rule 36(a);
> (B) the admission sought was of no substantial importance;
> (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or
> (D) there was other good reason for the failure to admit.

Fed. R. Civ. P. 37(c)(2). Pursuant to the Advisory Committee Notes: ". . . Rule 37(c) is intended to provide posttrial relief in the form of a requirement that the party improperly refusing the admission pay the expenses of the other side in making the necessary proof at trial." See Rule 37 (Advisory Committee Notes (1970 Amendment)); see also Wright, Miller & Marcus, Federal Practice and Procedure Civil 2d § 2290 ("If a party has failed to admit a matter when requested to do so under Rule 36, and the requesting party thereafter proves the truth of the matter, the requesting party may move after trial for an order that the party refusing to admit pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees."); 7 James Wm. Moore, et al., Moore's Federal Practice ¶ 37.75 (3d ed. 1997) ("However, the rule which provides for such sanctions is intended to provide post-trial relief and in the vast majority of circumstances, it would be inappropriate for counsel to seek expense shifting sanctions prior to completion of trial. As a practical matter, it generally is necessary to complete a proceeding before a court would be able to conclude that the moving party had proven the truth of the matter for which an admission was requested, because a court must consider all rebuttal evidence before it may determine what has been proven."). Accordingly, the Court ordered further briefing on the issue of whether Plaintiff's motion for sanctions in advance of trial or at least summary judgment was premature.

Plaintiff argued in his supplemental brief that courts have considered requests under Rule 37(c)(2) before trial. Most of the cases cited by Plaintiff, however, are inapposite. For example, some courts have considered awards under Rule 37(c)(2) following the grant of summary judgment, which is a final disposition akin to a trial, which similarly enables the Court to determine that the matter asked about has been proven true and that the exception under Rule 37(c)(2) for insubstantial

3

1 matters does not apply. See Chemical Engineering Corp. v. Essef Indus., Inc., 795 F.2d 1565, 1575
2 (Fed. Cir. 1986) (affirming the district court's award of fees after the matters were proven true on a
3 motion for summary judgment, which was granted, resulting in entering judgment); Read-Rite Corp.
4 v. Burlington Air Express, Ltd., 183 F.R.D. 545 (N.D. Cal. 1998) (denying fees under Rule 37(c)(2)
5 after summary judgment granted in part because the plaintiff did not incur costs as a result of the
6 defendant's failure to admit and because the requested admissions were not of substantial
7 importance); but see Orleman v. Jumpking, Inc., 2000 U.S. Dist. LEXIS 11081 (D. Kan. July 11,
8 2000) (awarding reasonable expenses under Rule 37(c)(2) for responses to the plaintiff's requests for
9 admission that were not sufficiently forthcoming in explaining the extent of denials, as revealed by a
10 subsequent deposition without addressing the issue of whether Rule 37(c)(2) applies prior ro
11 summary judgment or trial); In re The Matter of Central Gulf Lines, Inc., 2001 U.S. Dist. LEXIS
12 5948 (E.D. La. May 3, 2001) (affirming magistrate judge's ultimate denial of fees and costs in
13 connection with denials of requests for admission due to failure to comply with the local rules but
14 finding that, with trial fast approaching, the initial determination to grant fees and costs was not
15 clearly erroneous, without addressing whether Rule 37(c)(2) applies prior to summary judgment or
16 trial).

17 Moreover, the Court cannot conclusively determine at this stage of the litigation whether any
18 of the admissions fall within an exception to the otherwise mandatory fee award, such as whether the
19 admission sought was of no substantial importance. See Fed. R. Civ. P. 37(c)(2)(B). In Read-Rite,
20 for example, the court denied expenses under Rule 37(c)(2) in part because certain requests for
21 admission were not of substantial importance to the litigation in light of the district court's ruling on
22 summary judgment. See Read-Rite, 183 F.R.D. at 547 ("Since these requests [for admission] were
23 based on the 'entire shipment' theory of liability and Judge Wilken found that that theory did not
24 apply, these requested admissions were not substantially important to the litigation.").

25 Finally, although Plaintiff's motion is denied for failure to meet and confer, the Court does
26 not condone Defendants' inadequate response to Plaintiff's requests for admission and is troubled by
27 Defendants' conduct regarding this motion. Following receipt of Defendants' responses to the
28 requests for admission, Plaintiff deposed Phillip Dawley on two different occasions in April 2007

4

1  and January 2008. A comparison of the responses to the requests for admission and his testimony
2  reveals numerous instances in which Mr. Dawley affirmatively and without difficulty answered
3  questions that were previously denied when posed in requests for admissions. For example, request
4  for admission number 1 states: "Admit that Move.com receives information on real properties for
5  sale." Mosko Decl. Ex. A at 6. Defendants responded:

> Homestore objects to this request to the extent it seeks conclusions of law rather than the admission or denial of a specific fact. The construction of claim terms is determined by the Court as a matter of law. [citations omitted]. The terms "receive" and "information" have not yet been construed by the Court in the present lawsuit. Homestore further objects to this request to the extent the terms "Move.com," "receives," "information" and "real properties" are vague and ambiguous. Accordingly, Homestore denies this request.

10  Mosko Decl. Ex. C at 4. Yet Mr. Dawley's deposition testimony states: "Q: Okay, and Move
11  receives information on real properties for sale, of course? A: *Of course*." Mosko Decl. Ex. G at
12  658:7-9 (emphasis added).

13  Defendants' objection on the grounds that the terms "receive" and "information" had not yet
14  been construed by the district court is without merit. Those terms were not even on Defendants'
15  proposed list of claim terms and alternate claim terms for construction, which was dated March 16,
16  2007, at least two weeks before Defendants served its responses to Plaintiff's requests for admission.
17  See Mosko Decl. Ex. L. Therefore, Defendants knew that the universe of terms that they had asked
18  the district court had been asked to construe did not include the terms "receive" and "information."
19  Further, even if the terms were to be construed by the Court, Defendants could simply have
20  responded to the requests with qualified admissions that explained in detail why certain portions of
21  the requests could or could not be admitted based, for example, on Defendants' proposed
22  construction of disputed claim terms. See Marchaud v. Mercy Medical Center, 22 F.3d 933, 938
23  (9th Cir. 1994) (approving qualified responses to requests for admission: ". . . parties should not
24  seek to evade disclosures by quibbling or objection. They should admit to the fullest extent
25  possible, and explain in detail why other portions of a request may not be admitted.") (citing Fed. R.
26  Civ. P. 36(a)).

27  Defendants also rely on the statement in Tulip Computers v. Dell Computer Corp., 210
28  F.R.D. 100 (D. Del. 2002) that "requests [for admission] directed towards applying the claims of the

5

1 patent or requiring application of the claims prior to any Markman ruling are not the application of
2 law to facts relevant to the case, but in reality are requests for legal conclusions and therefore,
3 improper." Tulip, 210 F.R.D. at 108. However, the opinion does not set out the text of the disputed
4 requests for admission, stating only that three of the disputed requests for admission "rely upon what
5 the alleged invention claims in the patent-in-suit is." Defendants has made no showing that the
6 requests for admission in this case are similar to those in Tulip. Furthermore, even if they were
7 similar, Markman should not be used as an excuse to evade the responsibility to fully and fairly
8 respond to requests for admission, using qualifications as necessary, rather than seeking "to evade
9 disclosure by quibbling and objection." See Marchaud, 22 F.3d at 938. While the construction of
10 claim terms has been labeled a question of law, the requests for admission here call at most for the
11 application of law to facts, which is a proper subject of requests for admission. See Fed. R. Civ. P.
12 36(a).

13 Despite having objected to many requests for admission on the grounds that terms found in
14 those requests had not yet been construed by the district court, at the hearing Defendants could only
15 point to one claim term, "server," that they objected to on this basis and had proposed to the district
16 court for construction. See, e.g., Mosko Decl. Ex. A at 6 (Request for Admission number four:
17 "Admit that Move.com has a file server."); Mosko Decl. Ex. C at 6 ("Homestore objects to this
18 request to the extent it seeks conclusions of law rather than the admission or denial of a specific fact.
19 The construction of claim terms is determined by the Court as a matter of law. [citations omitted].
20 The term "file server" has not yet been construed by the Court in the present lawsuit. Homestore
21 further objects to this request to the extent the term "Move.com" is vague and ambiguous.
22 Accordingly, Homestore denies this request."). Yet its Rule 30(b)(6) witness readily admitted that
23 Defendant has a file server. See Mosko Decl. Ex. E at 214:20-21 ("Q: So Move has a file server?
24 A: Yes."). Moreover, Defendants' counsel acknowledged at the hearing that the response to the
25 request for admission regarding a server may well have been the same under either party's proposed
26 construction of that term. Tr. at 5:18-21; 7:12-15. Therefore, a denial on the basis that claim
27 construction had not yet occurred, without any qualification, was improper. Further, as Plaintiff's
28 counsel pointed out at the hearing, Defendants' own documents make reference to the fact that

6

**United States District Court**
For the Northern District of California

1  Defendants' system contains a server. See Tr. at 7:17-20; Mosko Supp. Decl. Ex. O.  Yet
2  Defendants flatly denied requests for admission, such as number four, containing the term "server,"
3  instead of qualifying their response based on their proposed construction of the term or on their
4  interpretation of the term in their own documents.

5  In an effort to justify its objection based on future claim construction, Defendants have since
6  argued in its supplemental briefing that terms such as "receive" and "information" were *part* of the
7  terms that were construed by the district court. See Pleune Decl. Re: Pl.'s Request for Relief at ¶ 8.
8  For example, a form of "receive" was part of the term, "File server means for receiving data from
9  said media means, receiving data inquiries and transferring data in response to said data inquiries."
10 However, the parties did not propose that "receive" itself be construed, and in his September 10,
11 2007 claim construction order, Judge Jenkins did not construe "receive" separately.  Moreover,
12 Defendants' declaration in support of its supplemental briefing is somewhat misleading; the
13 declaration purports to establish that Plaintiff's requests contained many disputed claim terms, but in
14 fact, with the exception of "server," the requests instead contained words that also happened to be in
15 construed phrases but that were not the disputed terms in these phrases. See, e.g., Pleune Decl. re:
16 Pl.'s Request for Relief at ¶ 8 (stating that claim term "user" was contained in ten requests for
17 admission, but the term "user" was not itself separately construed; while the phrases "said end user
18 inquiries being the retrieving and viewing of test and/or graphic data from a database" and
19 "compiling and merging a plurality of first end user inquires" were construed, both constructions
20 maintained the word "user," and in one case, both parties included the word "user" in their
21 respective proposed constructions). Tellingly, Defendants did not seek agreement of Plaintiff or
22 leave of Court to amend their responses to requests for admission after the Court issued its claim
23 construction. See March 18, 2008 Hearing Tr. at 6:6-16 (Defendants' counsel conceded that
24 Defendants did not revisit their responses to requests for admission after claim construction).

25 Defendants' cross-motion for sanctions is denied with prejudice for the failure to meet and
26 confer and for lack of merit.  Despite Defendants' argument that Plaintiff failed to properly meet and
27 confer prior to filing his motion for sanctions, Defendants are guilty of the same conduct.  Although
28 Defendants rely on two letters that it sent to Plaintiff purportedly in satisfaction of its meet and

1 confer obligations, the exchange of written communications does not satisfy the meet and confer
2 requirement.  <u>See</u> Civil L.R. 37-1; Civil L.R. 1-5(n).  Defendants are also not entitled to sanctions
3 given their own failure to fairly respond to Plaintiff's requests for admission both before and after
4 the claim construction.

**IT IS SO ORDERED.**

Dated: May 8, 2008

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

8