IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN KEITHLEY and TREN TECHNOLOGIES HOLDINGS, LLC,<br><br>    Plaintiffs,<br>  v.<br><br>THE HOMESTORE.COM, INC., et al.,<br><br>    Defendants.<br>_____/ | No. C 03-4447 SI<br><br>**ORDER RE: CROSS MOTIONS TO STRIKE** |

Currently pending before the Court are plaintiffs' motion to strike defendants' Final Invalidity Contentions ("invalidity contentions") and defendants' counter motion to strike plaintiffs' Amended Final Infringement Contentions ("infringement contentions"). For the reasons set forth below, the Court DENIES both motions.

## DISCUSSION[1]

Plaintiffs Kevin Keithley and Tren Technologies Holdings ("Tren") filed their complaint on October 1, 2003 against defendants Homestore.com and others, alleging that defendants infringed 58 claims of plaintiffs' U.S. Patent No. 5,584,025 ("'025 patent"). On November 8, 2007, defendants submitted their invalidity contentions, totaling 1300 pages. Plaintiffs assert that the invalidity

---

[1] The parties devoted extensive briefing to recounting the meet and confer process over the parties' infringement and invalidity contentions; each side accuses the other of bad faith. The Court finds it unnecessary to recount here the competing versions of events, neither of which reflects credit on anyone. Rather, the Court finds that both sides should undertake to comport themselves more professionally in the future.

contentions do not comply with the Patent Local Rules because they do not specify how each item of prior art asserted renders the patent obvious or anticipates any of the asserted infringement claims. Defendants, meanwhile, contend that plaintiffs' amended infringement contentions, which were served on February 5, 2008, contain impermissible substantive changes.

**I.      Plaintiffs' motion to strike**

**A.      Identification of whether the asserted reference anticipates or renders the patent obvious**

Plaintiffs contend that the 72 prior art references listed in defendants' amended invalidity contentions fail to comply with Patent Local Rule 3-3(b) because the list does not specify whether each reference art anticipates each claim asserted in the '025 patent, renders the patent obvious, or both. Plaintiffs also argue that even if defendants rely upon each prior art reference to anticipate *and* render the patent claims obvious, defendants' claim chart still does not properly identify where in each prior art reference the elements of the asserted patent claims can be found, as required by Patent Local Rule 3-3(c).  For support, plaintiffs cite *Regal Electronics, Inc. v. Pulse Engineering, Inc.*, 2005 WL 3454138 (N.D. Cal. Dec. 16, 2005).  However, plaintiffs' reliance on *Regal Electronics* is misplaced because the issue there was not the adequacy of invalidity contentions, but rather whether a party could depose a witness not mentioned in the preliminary invalidity contentions.  *See id*. at 2005 WL 3454138 at *2.

Defendants respond that the claim chart is permissible under the Local Rules, particularly since plaintiffs broadly allege that defendants infringe 58 claims of the '25 patent.  Defendants also argue that a similar claim chart was permitted by the court in *Avago Technologies General IP PTE Ltd. v. Elan Microelectronics Corp.*, 2007 WL 951818 (N.D. Cal. Mar. 8, 2007).   Defendants explain the methodology employed in their chart as follows: "where Defendants' claim charts include a citation to a particular reference in a cell corresponding to every element of an asserted claim, than [sic] that reference anticipates the claim." Def. Opp. and Mot. to Strike at 5.  Defendants assert that when a prior art reference is cited for some but not all the elements of every asserted claim, then those references are relied upon for obviousness. *Id.*

Patent Local Rule 3-3(b) requires that the party opposing patent infringement identify "[w]hether each item of prior art anticipates each asserted claim or renders it obvious.**"**   Patent L.R. 3-3(b).

2

1 Furthermore, the party must include "[a] chart identifying where specifically in each alleged item of
2 prior art each element of each asserted claim is found . . . ." *Id.* at 3-3©.  The Court finds that
3 defendants' invalidity contentions comply with the Local Rules, and that defendants used the same
4 methodology permitted in *Avago*. *See Avago*, 2007 WL 951818 at *3 ("The Court assumes that a prior
5 art reference that does not anticipate by going to all the elements of a claim will be used for Elan's
6 obviousness contentions.").  Accordingly, the Court DENIES plaintiffs' motion to strike on this issue.

### B.   Obviousness combinations

Second, plaintiffs contend that defendants violate Patent Local Rule 3-3(b) by failing to identify each combination of prior art relied upon to render plaintiffs' patent obvious, and that the method in which defendants grouped the references can lead to "thousands or perhaps millions of possible combinations."  Defendants argue that given the abundance of invalidating prior art, their approach efficiently and fairly identifies the potential obviousness combinations without violating Patent Local Rule 3-3(b).

Patent Local Rule 3-3(b) provides that "[i]f a combination of items of prior art makes a claim obvious, each such combination must be identified." Patent L.R. 3-3(b).  Defendants argue that they utilized the method approved in *Avago* for disclosing obviousness combinations for large groups of prior art documents.  In *Avago*, the defendant organized the prior art references into two groups and claimed that the theory of obviousness was true for every possible combination within the two groups. *See Avago*, 2007 WL 951818 at *4.  The court held that although the approach resulted in billions of possible obviousness combinations, the defendant still satisfied Patent Local Rule 3-3(b) because it "reasonably specifies the combination of prior art references that allegedly render Avago's patents obvious." *Id.*  The Court agrees with the *Avago* court and finds that defendants' grouping method is permissible under the Local Rules.  Accordingly, the Court DENIES plaintiffs' motion to strike on this issue

### C.   Best mode allegation

Defendants' invalidity contentions assert that the '025 patent fails to satisfy the "best mode"

3

requirement of 35 U.S.C. § 112. Plaintiffs request the Court to strike this contention because defendants have not provided any grounds or explanation for their best mode allegation. Plaintiffs argue that defendants have violated Patent Local Rule 3-3(d), which requires defendants to disclose "[a]ny grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims." Patent L.R. 3-3(d).

Defendants note that while the Local Rule specifically mentions the "written description" and "enablement" requirements of 35 U.S.C. § 112(1), it is silent as to the "best mode" requirement, which is a distinct requirement for patentability. *See Univ. of Rochester v. G.D. Searle & Co.*, 358 F.3d 916, 921 (Fed. Cir. 2004). In *Fresenius Medical Care Holdings, inc. v. Baxter International, Inc.*, 2006 WL 1329997 (N.D. Cal. May 15, 2006), the court recognized this omission and held that the Patent Local Rules do not "require a party to disclose its best mode defense in its Final Invalidity Contentions," and that the rules only require "disclosures of indefiniteness, enablement, or written description defenses." *Id.* at *5. This was so, the court reasoned, because defendants usually cannot gather evidence in support of a best mode allegation until much later in the discovery process, and plaintiffs are not prejudiced because they are the most knowledgeable regarding this defense. *Id.* at *5-6. The Court agrees with the *Fresenius* court that the Local Rules do not require disclosure of a best mode defense, and accordingly the Court DENIES plaintiffs' motion to strike.

## II.     Defendants' motion to strike

Defendants argue that plaintiffs violated Patent Local Rule 3-1(e) when they asserted the October 29, 1993 priority date for the first time in their final infringement contentions. Defendants claim that plaintiffs' late disclosure has materially prejudiced their discovery and therefore plaintiffs' priority date should be limited to the April 11, 1995 filing date of the patent. In response, plaintiffs note that the '025 patent is a continuation of a prior patent application filed on October 29, 1993 and that defendants are not prejudiced because they have long been aware of the original filing date, as evidenced in defendants' May 31, 2007 claim construction brief. *See* Mosko Decl. Ex. F at 1. The Court finds that defendants are not materially prejudiced by late identification of the October 29, 1993 priority date and therefore DENIES defendants' motion to strike plaintiffs' amended priority date.

4

Defendants also contend that plaintiffs violated Patent Local Rule 3-1(d) by not providing information regarding "[w]hether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the accused instrumentality." Patent L.R. 3-1(d). Plaintiffs respond that their amended infringement contentions comply with the rule because they state that "[e]ach element of each asserted claim is either literally present in each of the accused websites and product, and/or is present under the doctrine of equivalents."

Although the Court is sympathetic to defendants' argument that plaintiffs' contentions provide little helpful information, they do comply with the letter of the Local Rules. The cases cited by defendants address the differences in proof on a claim of literal infringement or the doctrine of equivalents, *see Lear Sigler, Inc. v. Sealy Mattress Co.*, 873 F.2d 1422, 1425 (Fed. Cir. 1989), or involve different local rules or different versions of this Court's local rules. *See Nike, Inc. v. Adidas American, Inc.*, 479 F. Supp. 2d 664 (E.D. Tex. 2007); *Atmel Corp. v. Information Storage Devices*, 1998 WL 775115 (N.D. Cal. Nov. 5, 1998).

Finally, defendants assert that plaintiffs substantively amended their infringement contentions without obtaining leave of the Court to do so. While the Court can see that some of the identified changes are substantive, defendants' motion will be denied at this time, given the pendency of defendants' own motion to amend their invalidity contentions.

## CONCLUSION

Having carefully considered the papers submitted, the Court DENIES plaintiffs' motion to strike defendants' invalidity contentions and DENIES defendants' counter motion to strike plaintiffs' amended infringement contentions. (Docket Nos. 314 & 350).

**IT IS SO ORDERED.**

Dated: May 12, 2008

SUSAN ILLSTON
United States District Judge