United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN L. KEITHLEY, et al., | No. C-03-04447 SI (EDL) |
| Plaintiffs, | **ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR PROTECTIVE ORDER** |
| v. | |
| HOMESTORE.COM, INC., et al, | |
| Defendants. | |

On March 28, 2008 and April 15, 2008, Defendants served Plaintiffs with a total of 1,688 requests for admission. See Declaration of Scott Mosko Ex. A, B. On April 29, 2008, Plaintiffs filed a motion seeking a protective order against answering the requests for admissions. Following the filing of Plaintiffs' motion, Defendants withdrew 927 requests for admission, leaving 761 requests addressed to each Plaintiff. See Defs.' Opp'n at 2 (withdrawing requests for admission 1207-2134). On June 4, 2008, the Court held a hearing on Plaintiffs' motion. For the reasons stated at the hearing, the Court grants in part Plaintiffs' motion.

Plaintiffs argue that the number of requests is excessive. See Wigler v. Electronic Data Systems Corp., 108 F.R.D. 204, 205 (D. Md. 1985) (holding that 1,664 requests in a routine single plaintiff employment discrimination case were excessive: "A closer look reveals that the defendant's requests represent an attempt not just to nail down the core facts of the case, but also to pick every nit that a squad of lawyers could possibly see in it. Answering these requests in a conscientious and timely way would have taxed the powers of Hercules, even before he cleaned the Augean Stables.");

1 Joseph L. v. Conn. Dep't of Children and Families, 225 F.R.D. 400, 403 (D. Conn. 2005) (holding
2 that 163 requests in a case involving the alleged denial of a treatment plan hearing for a young man
3 who was under the state's care were excessive, in part because so few of the requests were relevant);
4 United States ex rel Regan v. Medtronic, Inc., 2000 WL 1478476 at *5 (D. Kan. July 30, 2000)
5 (holding that 506 requests in a qui tam False Claims Act case involving warranty credits due to
6 hospitals were duplicative and too broad in geographical and temporal scope); Gannon v. United
7 States, 2006 WL 2927639 at *1 (E.D. Pa. Oct. 6, 2006) (holding that 1,407 requests were excessive
8 because responding would require Defendant to search thousands of pages of records spanning forty
9 years, and there was a demonstrated burden because the first set of 341 requests for admission took
10 two months and excessive hours to complete); Taylor v. Great Lakes Waste Servs., 2007 WL
11 422036 at *2 (E.D. Mich. Deb. 2, 2007) (holding that 297 requests in a routine single plaintiff
12 employment discrimination claim were excessive).

13 By contrast, Defendants cite Heartland Surgical Specialty Hospital LLC v. Midwest
14 Division, Inc., 2007 U.S. Dist LEXIS 80182 at *14-16 (D. Kan. 2007) as support for the number of
15 requests for admission in this case. There, four defendant groups served a total of 1,351 requests for
16 admission on Plaintiff, which objected on several grounds including that the number of requests was
17 excessive. Heartland, however, was a multi-defendant complicated antitrust conspiracy case in
18 which the plaintiff sought damages in excess of $120 million.

19 This case, involving patent infringement issues relating to fifty-eight claims in one patent
20 between two plaintiffs and three defendants, falls somewhere in between the scope of Heartland and
21 the smaller cases on which Plaintiffs rely. Even in this case, however, 761 requests for admission
22 are excessive, and do not further the fundamental purpose of this litigation tool which is to
23 streamline litigation by pinning down facts that cannot reasonably be disputed. See Asea, Inc. v.
24 Southern Pac. Transp. Co., 669 F.2d 1242, 1245 (9th Cir. 1981) ("The purpose of Rule 36(a) is to
25 expedite trial by establishing certain material facts as true and thus narrowing the range of issues for
26 trial."). As discussed at the hearing, Defendants shall be limited to 300 identical requests for
27 admission addressed to each Plaintiff, and Plaintiffs may answer once on behalf of both Plaintiffs.
28 Requests for admission that are more properly answered subsequent to expert discovery shall be

2

deferred until that time.

**IT IS SO ORDERED.**

Dated: June 6, 2008

_Elizabeth D. Laporte_
ELIZABETH D. LAPORTE
United States Magistrate Judge