IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN L. KEITHLEY, et al., | No. C-03-04447 SI (EDL) |
| Plaintiffs, | **ORDER DENYING DEFENDANTS' MOTION TO CONDUCT LIMITED DISCOVERY SPECIFIC TO SANCTIONS** |
| v. | |
| HOMESTORE.COM, INC., et al, | |
| Defendants. | |

On June 9, 2008, Defendants filed a motion to conduct expedited limited discovery that they contend is relevant to Plaintiffs' request for sanctions. Through this motion, Defendants seek production of non-privileged documents related to the matters addressed in three declarations submitted by Plaintiffs' expert, Daniel Lanovaz, in support of Plaintiffs' request for discovery sanctions. See Lanovaz Declaration in Support of Pls.' Response to Defs.' Supp. Memorandum re: Spoliation Remedy (Docket no. 446); Lanovaz Declaration in Support of Pls.' Statement of Defs.' Misrepresentations (Docket no. 507); Lanovaz Declaration in Support of Pls.' Statement of Incurred Costs and Projected Additional Expenses (Docket no. 510). Specifically, Defendants seek all documents "evidencing, referring or related to the reviews, analyses, comnparisons, assumptions, estimates and conclusions mentioned in any of the three declarations as well as all documents evidencing or referring to when Mr. Lanovaz (or others on his behalf) performed the reviews, etc., how much time he spent on them and at what cost." See Defs.' Mot. to Conduct Limited Discovery at 2:19-23. Defendants also seek to take Mr. Lanovaz's deposition. As an alternative to expedited

discovery, Defendants ask the Court to stay its consideration of Plaintiffs' request for sanctions until Defendants can obtain the discovery in the ordinary course. On June 13, 2008. Plaintiffs filed an opposition to Defendants' motion. This matter is appropriate for decision without the filing of a reply from Defendants or oral argument.

Defendants have provided no authority to support expedited discovery of Mr. Lanovaz. They only assert conclusorily that without this discovery, they will be "materially prejudiced in their ability to respond to Plaintiffs' motion for terminating and monetary sanctions." See Defs.' Mot. at 4. Defendants fail to establish such prejudice. Mr. Lanovaz's conclusions are based almost entirely on documents belatedly produced by *Defendants*, which Defendants are equally able to analyze. Nothing prevents them from obtaining an expert declaration of their own. Because Defendants have not met their burden of showing entitlement to expedited discovery, the motion is denied.

The Court declines to stay its consideration of Plaintiffs' request for sanctions. This matter has been exhaustively argued in three hearings and extensively briefed in numerous memoranda beginning in February 2008, and is ready for determination. By seeking this expedited discovery, Defendants are proliferating this litigation and delaying resolution of Plaintiffs' request for sanctions without adequate justification. As the Court noted at the last hearing, Defendants may file an expert declaration of their own with their opposition to Plaintiffs' request for sanctions.

In their opposition, Plaintiffs seek an award of fees to compensate them for filing their opposition. Although Defendants' motion for expedited discovery is denied, the Court declines to award fees to Plaintiffs at this time for preparation of their opposition.

**IT IS SO ORDERED.**

Dated: June 16, 2008

ELIZABETH D. LAPORTE
United States Magistrate Judge

2