IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN KEITHLEY, et al., | No. C-03-04447 SI (EDL) |
| Plaintiffs, | **ORDER GRANTING IN PART DEFENDANTS' MOTION TO COMPEL** |
| v. | |
| THE HOME STORE.COM, INC., et al., | |
| Defendants. | |

On April 18, 2008, Plaintiffs served an extensive privilege log on Defendants. See Declaration of Benjamin Pleune Ex. 1. In response, Defendants filed a motion to compel seeking production of documents from the privilege log involving communications with Joe Novosel, Don Levy, Scott Essex and Maureen Keithley. For the reasons stated at the hearing, the Court issues the following order.

**Joe Novosel**

According to Plaintiff Keithley, Mr. Novosel is a member of the management committee formed pursuant to a Common Interest Agreement to which Plaintiffs were parties. See Declaration of Kevin Keithley ¶ 10; Ex. 2 (Common Interest Agreement). The management committee had full authority over the actions of Plaintiff Tren, including the prosecution of this action against Defendants. See Keithley Decl. ¶ 9. Accordingly, Plaintiffs argue that communications between Mr. Keithley and Mr. Novosel are protected under the attorney-client privilege and the work product doctrine. See, e.g., In re Bieter Co., 16 F.3d 929 (8th Cir. 1994) (extending the attorney-client privilege to a consultant who was the functional equivalent of an employee who was involved on a

1  daily basis with the company's principals and acted on their behalf as the sole participant in
2  meetings with potential tenants and local officials in the real estate project that formed the basis of
3  the lawsuit); In re Copper Market Antitrust Litig., 200 F.R.D. 213, 219 (S.D. N.Y. 2001) (extending
4  attorney-client privilege to company who was hired and incorporated into the client's staff to handle
5  public relations problems following exposure of the copper trading scandal, including the ability to
6  make decisions for the client and to seek advice from the client's counsel); see also Allied Irish
7  Banks, P.L.C. v. Bank of America, N.A., 240 F.R.D. 96, 103 (S.D. N.Y. 2007) ("'The scope of the
8  privilege is not defined by the third parties' employment or function, however; it depends on
9  whether the client had a reasonable expectation of confidentiality under the circumstances.'
10 [citation omitted].  In addition, for such third party disclosures to receive continued protection,
11 'disclosure to [the] third party ... [must be] necessary for the client to obtain informed legal advice.'
12 [citation omitted].  'The available case law indicates that the "necessity" element means more than
13 just useful and convenient, but rather requires that the involvement of the third party be nearly
14 indispensable or serve some specialized purpose in facilitating the attorney-client communications.'
15 [citation omitted].  Thus, where the third party's presence is merely 'useful' but not 'necessary,' the
16 privilege is lost. [citation omitted].").

17         Here, however, there is insufficient evidence for the Court to determine what exactly Mr.
18 Novosel's role was with respect to Plaintiffs, let alone whether disclosure to Mr. Novosel was
19 necessary for Plaintiffs to obtain informed legal advice or whether Mr. Novosel's involvement was
20 indispensable or served some specialized purpose.  Accordingly, no later than July 11, 2008,
21 Plaintiffs shall submit a declaration from Mr. Novosel detailing exactly what he did or did not do
22 regarding the management committee, including when the committee was formed and when he was
23 appointed to it.  In addition, no later than July 3, 2008, Defendants shall choose ten privilege log
24 entries relating to Mr. Novosel for in camera review and inform Plaintiffs of those choices.
25 Plaintiffs shall lodge  those documents for the Court's review no later than July 11, 2008.

26 **Don Levy**

27         According to Plaintiff Keithley, "Mr. Don Levy and [sic] was retained by me to facilitate the
28 negotiations of both the Joint Agreement and the Common Interest Agreement.  Mr. Levy provided

2

key advice to me in the course of these negotiations." Keithley Decl. ¶ 12. It is undisputed that Mr. Levy is not a lawyer. In response to Defendants' motion to compel production of communications from the privilege log relating to Mr. Levy, Plaintiffs argue that the Agreements have nothing to do with the issues of infringement, validity or other issues in this case, so any communications with Mr. Levy are irrelevant. Alternatively, Plaintiffs argue that communications with Mr. Levy as a consultant for those Agreements are protected under the attorney-client privilege for the same reasons as communications with Mr. Novosel are protected. Plaintiffs have not shown that disclosure to Mr. Levy was necessary for Plaintiffs to obtain informed legal advice or that his involvement was indispensable or served some specialized purpose. Accordingly, Defendants' motion to compel is granted with respect to communications with Mr. Levy. Plaintiffs shall produce these documents no later than July 11, 2008.

**Scott Essex**

According to Plaintiff Keithley, "Mr. Scott Essex and I had a number of communications regarding intellectual property having nothing to do with the patent-in-suit. A few of these communications included Mr. Michael Starkweather, the attorney who handled the reexamination for the patent-in-suit. Because these communications had nothing to do with any activities related to the patent-in-suit, I do not believe they are relevant to any issues in this litigation." Keithley Decl. ¶ 13. At the hearing, Plaintiffs provided the three communications from the privilege log involving Mr. Essex for the Court's in camera review. The Court has reviewed those documents and has determined that they are not relevant to any issues in this case. Therefore, Defendants' motion to compel is denied with respect to communications with Mr. Essex.

**Maureen Keithley**

Communications between Plaintiff Keithley and his wife, Maureen, are privileged. See Sims v. Lakeside School, 2007 WL 2745367, *2, n. 1 (W.D. Wash. Sept, 20, 2007) ("It is clear that federal courts recognize two distinct privileges based on the marital relationship: the marital communications privilege that protects confidential communications made during marriage; and the spousal incompetency privilege that bars one spouse from testifying adversely to the other.") (citing U.S. v. Lustig, 555 F.2d 737, 747 (9th Cir.1977)). Accordingly, Defendants' motion to compel is

3

denied with respect to communications with Maureen Keithley.

**IT IS SO ORDERED.**

Dated: July 2, 2008

                                                           ELIZABETH D. LAPORTE
                                                           United States Magistrate Judge