IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEVIN L. KEITHLEY,

    Plaintiff,

  v.

HOMESTORE.COM, INC., et al,

    Defendants.
                                        /

No. C-03-04447 SI (EDL)

**ORDER RE: CLARIFICATION OF AUGUST 12, 2008 ORDER AND REPORT AND RECOMMENDATION**

On August 12, 2008, the Court issued an Order for Monetary Sanctions and Report and Recommendation for Adverse Inference Instruction to Remedy Discovery Misconduct. The last paragraph of the Court's Order following the recommendation for an adverse inference states:

> Any party may serve and file specific written objections *to the recommendation portion of this Order* within ten (10) working days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Aug. 12, 2008 Order at 27:14-17 (emphasis added). Although this paragraph is clear as to the process for objecting to the recommendation portion of the ruling, the Court hereby clarifies the Order/Report and Recommendation with respect to the manner in which objections may be filed for the entire ruling.

The Court's August 12, 2008 Order/Report and Recommendation was a hybrid ruling including both dispositive and nondispositive aspects. See Fed.R.Civ.P. 72(a), (b) (stating that magistrate judge may hear and determine nondispositive matters, but may only make findings and recommendations to the district court on dispositive matters). The order for monetary sanctions was a ruling on a nondispositive matter subject to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil

Procedure 72(a) and Civil Local Rule 72-2.  This Court issued the portion of the ruling recommending an adverse inference instruction as a report and recommendation to err on the side of caution on a potentially dispositive issue.  See Boskoff v. Yano, 217 F. Supp. 2d 1077, 1084 (D. Haw. 2001) ("Motions that involve determination of the merits of the case, or that do not involve a collateral matter, or that are *critical in shaping the nature of litigation* are generally considered 'dispositive.'") (emphasis added).  Therefore, the recommendation portion of the ruling, as stated in the August 12, 2008 Order/Report and Recommendation, is subject to 28 U.S.C. § 636(b)(1)(C), Federal Rule of Civil Procedure 72(b) and Civil Local Rule 72-3.

**IT IS SO ORDERED.**

Dated: September 16, 2008

ELIZABETH D. LAPORTE
United States Magistrate Judge

2