IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN L. KEITHLEY,<br><br>    Plaintiff,<br><br>  v.<br><br>HOMESTORE.COM, INC., et al,<br><br>    Defendants.<br>_____/ | No. C-03-04447 SI (EDL)<br><br>**ORDER RE: ORDER ON DEFENDANTS' SECOND MOTION TO COMPEL DOCUMENTS WITHHELD OF BASIS OF PRIVILEGE AND WORK PRODUCT IMMUNITY AND PLAINTIFFS' MOTION FOR PROTECTIVE ORDER** |

On August 26, 2008, the Court held a hearing on Defendants' Motion to Compel Production of Documents Withheld on Basis of Privilege and Work Product Immunity and Plaintiffs' Motion for Protective Order. The Court ordered the parties to file a proposed order reflecting the Court's rulings from the bench. The parties filed the proposed order on September 12, 2008 and the Court entered it on September 16, 2008. The Court issues this Order to further explain its ruling with respect to the PatentBridge documents.

In response to Defendants' subpoena, PatentBridge produced numerous potentially privileged documents, including the '025 file wrapper, the pleadings in this case and Mr. Keithley's own files regarding prosecution and reexamination, that Mr. Keithley had years earlier given directly to PatentBridge. Defendants argued that Plaintiffs waived any attorney-client privilege with respect to those documents and urged a broad construction of that waiver.

The question was whether the documents are protected by the attorney-client privilege, and if so, whether the privilege was waived and the scope of that waiver. At his July 24, 2008 deposition, Plaintiff Kevin Keithley testified that he did not recall how he came to find, contact or meet Mr. Holmes, the Chief Executive Officer of PatentBridge, who is an attorney. See Rose Decl. Ex. 4 at 360. Mr. Keithley also testified that he did not recall if Mr. Holmes ever told him that Mr. Holmes

was acting as his attorney, and that Mr. Keithley did not recall if he ever asked Mr. Holmes to be his attorney. Id. at 361.  Mr. Keithley testified that he believed it to be true that he sought to engage Mr. Holmes to help in licensing the '025 patent, but that he did not recall the outcome of any licensing efforts. Id. at 363-64.  Mr. Keithley did not recall turning over any documents to Mr. Holmes. Id. at 364, 374.

By contrast, in his August 1, 2008 declaration in connection with this motion, Mr. Keithley stated that he approached Mr. Holmes with the "specific intention of seeking legal advice regarding the licensing" of his patent. See Keithley Decl. ¶ 3. Mr. Keithley believed that at all times during his discussions with Mr. Holmes that Mr. Holmes was providing legal advice to Me. Keithley. Id. Me. Keithley declared that he gave to Mr. Holmes a copy of the '025 patent file wrapper, the pleadings in this case and documents from his files regarding prosecution and reexamination, believing that the documents would be protected by the attorney-client privilege. Id. ¶ 4.

Mr. Holmes stated in his declaration that his company provides patent brokerage services, acting as a business representative for holders of patents. See Rose Decl. Ex. 5 ¶ 6. Patentbridge is not a law firm and, even though Mr. Holmes is a patent agent and attorney, PatentBridge does not provide legal services or advice, which it communicates to all new and potential customers. Id. ¶¶ 7, 8. He stated that Mr. Keithley approached Mr. Holmes to identify revenue sources for his patent. Id. ¶ 12. Mr. Keithley provided documents in May 2006, and Mr. Holmes did not obtain documents about the patent from any other source. Id. ¶ 14. Mr. Keithley and PatentBridge did not enter into a business relationship, and Mr. Keithley never asked for his documents to be returned. Id. ¶¶ 16-17. PatentBridge did not render and was not asked to render legal advice and did not act as Mr. Keithley's law firm. Id. ¶ 19.

Plaintiffs argued that Mr. Keithley's merely subjective belief that he was in an attorney-client relationship with Mr. Holmes, without an objective basis therefore, controlled the application of the attorney-client privilege, but Plaintiffs have provided no binding or persuasive authority, and the Court can find none, to that effect. Moreover, the fact that Mr. Keithley's memory was so detailed only days after his deposition did not give the Court confidence that Mr. Keithley's subjective beliefs were reasonable.

2

However, at the hearing, Plaintiffs pointed out that Defendants did not refresh Mr. Keithley's memory at the deposition with any documents. Moreover, Plaintiffs provided documents which tended to show that Mr. Keithley had at least some reasonable basis for his belief that Mr. Holmes was acting as Mr. Keithley's attorney. Specifically, the documents reflected that Mr. Keithley informed Mr. Holmes that he was seeking litigation counsel. See Doc. No. KK013939 (showing that Mr. Keithley stated to Mr. Holmes in an e-mail: "I am suing the National Association of Realtors, Homestore . . . and National Association of Home Builders of America in the N.D. of CA . . . . I am pro se and seeking litigation counsel."). Although Mr. Keithley also stated that he was interested in PatentBridge's assistance with licensing (see Doc. No. KK013940), the documents also showed that Mr. Holmes specifically asked Mr. Keithley for copies of litigation pleadings. See Doc. No. KK013938. Because these documents demonstrated some objective basis for Mr. Keithley's belief that Mr. Holmes was acting as his litigation counsel and because the more extensive waiver that Defendants sought would disproportionately prejudice Plaintiffs, the Court considered the equities and restricted the scope of the waiver of the attorney-client privilege to documents PatentBridge already produced to Defendants, as provided in the parties' proposed order. See Fort James Corp. v. Solo Cup Corp., 412 F.3d 1340, 1349-50 (Fed. Cir. 2005) ("There is no bright line test for determining what constitutes the subject matter of a waiver, rather courts weigh the circumstances of the disclosure, the nature of the legal advice sought and the prejudice to the parties of permitting or prohibiting further disclosures."); see also Board of Trustees of Leland Stanford Junior Univ. v. Roche, 237 F.R.D. 618, 625 (N.D. Cal. 2006) (citing Fort James Corp., 412 F.3d at 1349-50).

Plaintiffs further argued that Defendants failed to meet and confer on this issue prior to filing their motion to compel. However, given the seriousness of the waiver issue, the Court declined to base its ruling on the alleged failure to meet and confer.

**IT IS SO ORDERED.**

Dated: September 17, 2008

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

3