**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN L. KEITHLEY, *et al.*, | No. C 03-4447 SI |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS'** |
| v. | **UNOPPOSED MOTION TO EXPAND THE RECORD; SETTING BRIEFING** |
| THE HOMESTORE.COM, INC., *et al.*, | **SCHEDULE AND HEARING DATE RE: DEFENDANTS' OBJECTIONS TO** |
| Defendants. | **MAGISTRATE JUDGE LAPORTE'S AUGUST 12, 2008 ORDER** |

On August 18, 2008, Magistrate Judge Laporte issued an Order for Monetary Sanctions and Report and Recommendation for Adverse Inference Instruction to Remedy Discovery Misconduct. That order contained a hybrid ruling in the form of an order as to non-dispositive matters and a recommendation as to a potentially dispositive matter. Defendants filed their objections to all aspects of the order on August 26, 2008, and noticed a hearing on the objections for October 10, 2008. Some confusion arose as to the process for objecting to the August 26, 2008 order, and on September 16, 2008, Judge Laporte issued an order clarifying that the non-dispositive portion of the August 18, 2008 order was subject to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Civil Local Rule 72-2, while the recommendation regarding the potentially dispositive issue was subject to 28 U.S.C. § 636(b)(1)(C), Federal Rule of Civil Procedure 72(b), and Civil Local Rule 72-3.

Defendants now seek clarification from this Court regarding the status of defendants' objections to the non-dispositive portion (monetary sanctions) of Judge Laporte's order. Plaintiffs have taken the position that, pursuant to Civil Local Rule 72-2, defendants' objections to the monetary sanctions have been denied by virtue of the fact that this Court did not issue an order or set a briefing schedule within 15 days of defendants' filing of their objections. Accordingly, plaintiffs have not filed a written

response to defendants' objections to the monetary sanctions, and according to defendants, plaintiffs are seeking immediate payment of those sanctions.

Because defendants filed their objections to the monetary sanctions along with their other objections, and noticed the entire matter for a hearing on October 10, 2008, the Court has not separately reviewed – or denied – defendants' objections to the monetary sanctions. Although Civil Local Rule 72-2 applies to the filing of objections to the monetary sanctions, in light of the posture of the matters currently before the Court, the Court hereby orders as follows:

Plaintiffs may file a response to defendants' objections to the monetary sanctions by **October 3, 2008**; defendants may file a single reply to plaintiffs' responses (to the monetary sanctions and the recommendation) by **October 10, 2008**. The Court VACATES the October 10, 2008 hearing. The Court GRANTS defendants' unopposed motion to expand the record. (Docket No. 674). The Court will issue an order regarding defendants' motion to file an amended answer, currently set for hearing on October 10, 2008, shortly after the briefing on that motion is complete. (Docket No. 627). The Court will hold a hearing on defendants' objections to Judge Laporte's order on November 14, 2008, which is currently reserved for a hearing in this case. This order resolves Docket No. 698.

**IT IS SO ORDERED.**

Dated: September 22, 2008

SUSAN ILLSTON
United States District Judge

2