United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN KEITHLEY, *et al.*, | No. C 03-4447 SI |
| Plaintiffs, | **ORDER ADOPTING AND MODIFYING REPORT AND RECOMMENDATION FOR SANCTIONS** |
| v. | |
| THE HOMESTORE.COM, INC., *et al.*, | |
| Defendants. | |

On November 14, 2008, the Court held a hearing on defendants' objection to the August 12, 2008 Order for Monetary Sanctions and Report and Recommendation for Adverse Inference Instruction to Remedy Discovery Misconduct. After consideration of the parties' papers and for the reasons set forth below, the Court hereby ADOPTS Judge Laporte's report and recommendation for monetary sanctions. The Court does not adopt Judge Laporte's recommendation for an adverse inference instruction as that portion of the report and recommendation was rendered moot by the Court's October 19, 2008 Order Granting Defendants' Motion for Summary Judgment of Noninfringement and Invalidity.

**DISCUSSION**

On August 12, 2008, Judge Laporte issued an Order for Monetary Sanctions and Report and Recommendation for Adverse Inference Instruction to Remedy Discovery Misconduct. Judge Laporte ordered defendants to pay monetary sanctions in the form of plaintiffs' attorneys' fees and costs, including expert costs, that had been and would be incurred as a result of defendants' spoliation of evidence and late production of discovery. Judge Laporte found that defendants had made numerous

1  "false and misleading" statements to plaintiffs, and "material misstatements to the Court on more than
2  one occasion." Order at 1-2. Judge Laporte found that defendants' duty to preserve evidence had arisen
3  at the latest by August 3, 2001 when plaintiffs sent defendants a letter threatening litigation. Judge
4  Laporte found that defendants did not satisfy their duty to preserve even after this lawsuit was filed in
5  2003, and recklessly allowed the destruction of some relevant source code as late as 2004. Judge
6  Laporte also found that defendants failed to adequately search for and produce documents that were
7  ordered produced in a December 2006 order, and that defendants produced an "avalanche" of responsive
8  documents and electronically stored information only after Judge Laporte informed the parties that
9  sanctions were appropriate.

10  The monetary sanction is a ruling on a nondispositive matter subject to 28 U.S.C. §
11  636(b)(1)(A), Federal Rule of Civil Procedure 72(a) and Civil Local Rule 72-2. *See* Docket No. 695
12  (Order Re: Clarification of August 12, 2008 Order and Report and Recommendation). The Court
13  reviews the monetary sanction to determine whether it is "clearly erroneous or [] contrary to law." Fed.
14  R. Civ. Proc. 72(a). "[T]he magistrate's decision on a non-dispositive issue will be reviewed by the
15  district judge under the clearly erroneous standard." *Bhan v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414
16  (9th Cir. 1991).

17  Defendants object to the monetary sanctions on the following grounds: (1) defendants' spoliation
18  of source code is not sanctionable because the source code is not relevant to plaintiffs' infringement
19  claims; (2) defendants reasonably believed they had complied with Judge Laporte's December 2006
20  discovery order, particularly with regard to production of "reports"; (3) defendants have appropriate
21  written document retention and litigation hold policies in place; and (4) if any sanctions are imposed,
22  they should only be imposed on defendant Move, not NAHB and NAR.

23

24  **1.    Source code**

25  Judge Laporte found that after defendants were on notice that documents relevant to this case
26  should have been maintained pursuant to a litigation hold, "defendants engaged in a large scale transfer
27  of source code to a new source code control system without taking adequate precautions to safely
28  maintain the older information, which was plainly relevant to this litigation and should have been the

2

subject of a litigation hold, leading to destruction of some source code in 2004." Order at 21-22. Judge Laporte's order details at great length defendants' many violations of the December 19, 2006 order, including defendants' repeated failure to inform plaintiffs and the Court that defendants had not, and could not, produce all versions of the source code. Judge Laporte also found that defendants belatedly began producing additional source code, some related to the spoliated source code, only after the sanctions hearing and fifteen months after the Court's express order to produce all versions of the source code. "The Court is frankly shocked that when searching for source code to be produced pursuant to an unambiguous court order issued in December 2006, Defendants waited until April 2008 to consult with the person at Move who was responsible for pouring over the files from the Development Computer to the new source code control system to determine whether she had responsive electronically stored information." Order at 19.

Significantly, defendants do not deny that some source code was destroyed during the "pour-over" process when defendants changed their source code control system, nor do defendants challenge Judge Laporte's factual findings with respect to their failure to adequately search for and produce source code in response to the December 2006 order. Instead, defendants object to Judge Laporte's sanction order solely on the ground that the source code is not relevant to plaintiffs' infringement claims. Relatedly, defendants also argue that the destruction of certain source code did not prejudice plaintiffs because defendants had produced the "vast majority" of defendants' source code and other evidence concerning the pre-pour-over functionality of the websites.

The Court finds no error in Judge Laporte's imposition of a monetary sanction related to defendants' spoliation of source code. Many of defendants' relevance arguments appear directed at Judge Laporte's recommendation for an adverse inference instruction, and thus to that extent those arguments are moot. The Court agrees with Judge Laporte's determination that source code would be relevant to plaintiffs' infringement claims because source code, along with functionality, implementation and design documents, helps establish how the accused websites operate.[1] Despite the December 2006 order expressly ordering defendants to produce source code, defendants failed to

---

[1] Indeed, defendants conceded in a hearing before Judge Laporte that the source code was relevant. *See* Docket No. 445-2 at 42-43.

adequately search for source code, and defendants did not inform plaintiffs and the Court that they had not produced all source code until after the sanctions proceedings were underway. The Court agrees with Judge Laporte that defendants' position with regard to production of source code was a "moving target" and that defendants have not provided any consistent, coherent explanation of why defendants failed to preserve, search for, and produce source code as required by the December 2006 order.

### 2.     Compliance with December 2006 order re "reports"

Judge Laporte sanctioned defendants for failing to produce "reports" as required by the December 2006 order, and only locating and producing numerous responsive reports in 2008 after the sanctions hearing. Judge Laporte rejected defendants' argument – which they renew in their objections – that defendants did not understand the December 2006 order to require production of reports, but instead only required production of source code, business requirements documents, and other architectural documents. Defendants argue that their interpretation of the December 2006 order was reasonable because the entire discussion at the hearing on plaintiffs' motion to compel, which led to the December 2006 order, centered on source code, business requirements documents and other architectural documents. Defendants also argue that there was "ambiguity" in the December 2006 order because there is no "text within the four corners of the December 19, 2006 order explaining that reports were to be produced."

The Court finds unpersuasive defendants' attempts to excuse their failure to produce "reports." As Judge Laporte noted in rejecting this argument, the December 2006 order compelled production of documents responsive to request six, which in turn explicitly listed "reports." The December 2006 order granted "Plaintiffs' motion to compel production of website documents responsive to requests that do not call for source code"; included among the requests that do not call for source code was request six, which sought "All documents and things sufficient to determine the operation of accused services, including without limitation, white papers, manuals, engineering documents, prototypes, *reports*, correspondence, memoranda, presentations, specifications, and drawings." Sanctions Order at 10-11. The December 2006 order also compelled production of reports through request eight, which sought "All documents and things relating to any databases associated with the operation of accused services."

4

*Id.* at 11. Defendants' assertion that they did not understand that they were required to produce reports because the December 2006 order did not use the word "reports" borders on incredible. Similarly, defendants' contention that request six was so vague and ambiguous that "conceivably anything could be made to fit within its rubric" does not explain why defendants did not believe that request six, which explicitly lists "reports," did not cover reports.

Defendants also object that Judge Laporte took a statement by defense counsel from the March 2008 sanctions hearing out of context. In the sanctions order, Judge Laporte found that defense counsel falsely stated that "Move doesn't capture those reports that you are seeing; some other user does it." Order at 11. Judge Laporte found that this statement was false because shortly after the sanctions hearing, defendants began producing numerous reports that were responsive to plaintiffs' earlier discovery requests. Defendants argue that the statement at issue was true because defense counsel was only referring to specific "current" reports that were before the Court, and was not referring more generally to the entire universe of "reports," including "historical" reports maintained on Move's prior system. Defendants argue that once it was clarified that the December 2006 order included reports within its ambit, defendants then understood that they needed to locate and produce reports from Move's prior system.

For the reasons stated above, the Court finds defendants' assertions unconvincing. Even if defendants believed that "reports" were not covered by the December 2006 order, such a belief was unreasonably held. Moreover, as Judge Laporte discussed at length in the sanctions order, defendants' stance with respect to reports (as with source code) evolved over time. At various times defendants stated that their system did not store, generate or capture reports. If defendants are now stating that these statements were correct because they referred to the current system, versus the prior system, such distinctions should have been expressly made both to plaintiffs and the Court. Judge Laporte's findings and imposition of sanctions related to defendants' very belated production of "reports" was not clearly erroneous.

**3.    Litigation hold/document retention policy**

5

Defendants also contend that Judge Laporte erred by sanctioning defendants for their failure to have a litigation hold and document retention policy in place. Judge Laporte found that the duty to preserve evidence had arisen no later than August 3, 2001, when plaintiffs sent defendants a letter stating that "we assume that Homestore.com wishes to litigate this matter. Unless we hear otherwise by close of business Tuesday, August 7, 2001, we will advance this matter accordingly." Order at 8. Thus, Judge Laporte held that defendants had a duty to preserve documents well before this lawsuit was filed on October 1, 2003, but that defendants "did not satisfy their duty to preserve even after this lawsuit was filed and recklessly allowed the destruction of some relevant source code as late as 2004." *Id.* Judge Laporte found that defendants had not presented any evidence of a written litigation hold policy in place during any of the relevant time periods, "[n]or was there any evidence, other than oral testimony, of what employees were told with respect to preservation of documents relevant to this case." *Id.*

In their objections to Judge Laporte's order, defendants assert that contrary to Judge Laporte's findings, Move.com in fact has a document retention policy, and that on February 6, 2006, a litigation hold memorandum specifically governing this litigation was sent out to certain key employees. Defendants state that at the time of the March 18, 2008 hearing before Judge Laporte, "counsel for Defendants did not anticipate being asked" about whether Move.com had a written litigation hold policy. Defendants then argue, "[t]he Sanctions Order, however, then transformed counsel's candidness as to whether or not he possessed knowledge <u>at that time</u> to infer that no such litigation hold was ever in place." Defs' Objections at 22.

The Court finds defendants' objections lack merit. Defendants do not contend that they presented Move's document retention policy or the February 6, 2006 litigation hold memorandum to Judge Laporte and that she ignored this evidence. Instead, defendants simply assert that contrary to Judge Laporte's findings, Move in fact does have a document retention policy and that a litigation hold memorandum was distributed to key employees on February 6, 2006. Defendants should have presented this evidence to Judge Laporte in the first instance. The Court finds it incredible that defendants' counsel would not be prepared to address whether Move had a written litigation hold policy at the March 18, 2008 sanctions hearing during which the topic of discussion was whether defendants had

6

1 spoliated evidence. As plaintiffs note, in a declaration filed on February 12, 2008 in advance of the
2 sanctions hearing, plaintiffs' counsel stated that plaintiffs had propounded a Request for Production
3 seeking all documents reflecting defendants' policies for preserving documents, and that defendants'
4 document production failed to include any such documents. *See* Docket No. 333 at ¶ 15.[2]

Moreover, neither the document retention policy nor the February 6, 2006 memorandum negates the fact that between August 2001 (when the duty to preserve evidence first arose) and February 2006 (when the memo was supposedly sent to certain employees) there was no written litigation hold policy specific to this case, and that during this time period, defendants recklessly allowed the destruction of relevant source code. Accordingly, the Court finds no error in Judge Laporte's order on this point.

### 4. NAR and NAHB

Defendants object that the monetary sanctions apply to all defendants. Defendants argue that neither NAR nor NAHB should be sanctioned because each defendant is a separate and legally independent entity, and defendants assert that plaintiffs did not show that NAR and NAHB were involved in any spoliation or other discovery misconduct. Judge Laporte found that defendants waited too long to raise the argument that plaintiffs had not shown involvement by NAR or NAHB: "This distinction, raised for the first time in briefing in advance of the second hearing on May 13, 2008, comes too late." Order at 22. Judge Laporte also noted that "Further, all Defendants have been represented by the same counsel and have never raised any separate issues of any kind in discovery until this belated argument, and Defendants have provided no authority in support." *Id*. at 23.

Defendants argue Judge Laporte was mistaken because defendants first raised their argument in their opening opposition filed February 26, 2008. Defendants rely on a footnote contained in that opposition which reads, "Plaintiffs termed their spoliation motion as one brought against Defendants, but all of their accusations appear to be limited to the Homestore.com, now known as Move, Inc.; therefore, Defendant Move, Inc. ("Move" or "Defendant") will respond to Plaintiffs' allegation in this

---

[2] That declaration reads: "One of the document requests propounded upon Defendants reads, '29. All documents and things that relate to document retention or destruction policies of Defendants for the last 6 years.' My review of the documents produced by Defendants failed to show any documents that were responsive to No. 29, quoted above."

memorandum." Docket 360 at 2 n.3. Defendants also argue that the fact that they used the same counsel is not relevant to whether each defendant engaged in spoliation.

The Court finds that Judge Laporte's decision was not clearly erroneous or contrary to law. Defendants' reliance on a footnote in their initial opposition is weak. In any event, plaintiffs submitted evidence to Judge Laporte showing that NAR and NAHB controlled Move with regard to certain of the accused websites. Moreover, discovery requests were directed at all defendants, and regardless of whether NAR and NAHB were involved in the spoliation of the source code, all defendants had an obligation to produce responsive documents, and all defendants – who were represented by the same counsel – had a duty to candidly inform plaintiffs and the Court regarding defendants' compliance with discovery obligations and discovery orders.[3]

## CONCLUSION

For the foregoing reasons, the Court rejects defendants' objections to Judge Laporte's monetary sanctions. During the December 16, 2008 case management conference the Court will address with the parties what further proceedings, if any, are necessary to finalize the amount of monetary sanctions.

**IT IS SO ORDERED.**

Dated: December 15, 2008

SUSAN ILLSTON
United States District Judge

---

[3] The Court notes that nothing in Judge Laporte's order nor this order precludes defendants from agreeing among themselves that Move shall be solely responsible for paying the monetary sanctions.