IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEVIN L. KEITHLEY, et al.,

    Plaintiffs,

  v.

HOMESTORE.COM, INC., et al,

    Defendants.
                             /

No. C-03-04447 SI (EDL)

**ORDER REGARDING FURTHER SANCTIONS IN CONNECTION WITH AUGUST 12, 2008 ORDER**

On August 12, 2008, the Court awarded partial sanctions to Plaintiffs on their motion for sanctions regarding spoliation and ordered Plaintiffs to submit billing records to justify further sanctions in four categories: (1) fees and costs incurred resulting from Defendants' refusal to produce source code, design documents and reports, culminating in Plaintiff's December 2006 motion to compel; (2) fees and costs incurred in having to repeat tasks due to Defendants' belated production of electronically stored information; (3) fees for a technical consultants' time devoted to analyzing the late-produced evidence; and (4) fees and costs incurred in preparing for and taking additional depositions regarding reports, and source code. See Aug. 12, 2008 Order for Monetary Sanctions and Report and Recommendation for Adverse Inference Instruction to Remedy Discovery Misconduct ("August 12, 2008 Order") at 24-26. On September 16, 2008, Plaintiffs lodged their billing records in response to the August 12, 2008 Order. On September 18, 2008, the Court deferred the award of any further sanctions until after Judge Illston ruled on the objections to the August 12, 2008 Order. Judge Illston issued her ruling on December 15, 2008. During the week of January 27, 2009, Plaintiffs re-lodged their billing records in support of further sanctions.

Plaintiffs seek a total of $1,379,410.50 comprising sanctions under the four categories above

1 as well as sanctions based on the Court's July 1, 2008 Order Following In Camera Review of Billing
2 Records, as well as sanctions for additional technical expert fees. This matter is appropriate for
3 decision without further oral argument. The Court's reasoning in support of the award of sanctions
4 in the August 12, 2008 Order is extensively set forth in that prior order and is incorporated by
5 reference here.

**1.   Fees and costs incurred in bringing the motion for sanctions**

7      On July 1, 2008, based on documents submitted in camera by Plaintiffs on June 30, 2008, the
8 Court awarded $148,269.50 in sanctions to Plaintiffs for the fees and costs incurred in bringing the
9 motion for sanctions regarding spoliation. Plaintiffs now seek an additional $127,637.50 in fees and
10 costs for "additional fees and expenses related to the Spoliation Motion since the in camera
11 declaration was submitted, including those expended in successfully opposing Defendants' appeal to
12 Judge Illston regarding this Court's Orders." See In Camera Submission ("IC") at ¶ 3. This amount
13 includes fees and costs from March 2008 up to and through the January 2009 preparation of the
14 January 27, 2009 in camera submission. See IC at ¶ 13 (p. 31).

15     The Court's July 1, 2008 and August 12, 2008 Orders did not invite further submission of
16 billing records on this issue and did not contemplate any further sanctions in this category.
17 Therefore, Plaintiffs' request for sanctions in this category is denied.

**2.   Fees and costs incurred leading up to the December 2006 motion to compel**

19     In the August 12, 2008 Order, the Court stated that an award of fees and costs in this
20 category was mandatory under Federal Rule of Civil Procedure 37(a)(5)(A) because Plaintiffs
21 prevailed on their motion to compel, there was no substantial justification for Defendants' failure to
22 produce documents and an award of sanctions would not be unjust. The Court awarded reasonable
23 fees and expenses subject to Plaintiffs' in camera submission of supporting documents. Plaintiffs
24 now seek $61,453.00 in this category. A review of the billing entries shows that, for the most part,
25 the tasks were related to the motion to compel and the amount sought is reasonable. However, in
26 light of the large amount of hours for which compensation is sought, the Court reduces the amount
27 by 5% to account for inefficiency. Therefore, the Court awards $58,380.35 in this category.
28 //

### 3. Fees and costs relating to Plaintiffs' efforts to repeat tasks related to preparing the infringement position due to the belated production

In the August 12, 2008 Order, the Court noted that Plaintiffs sought $292,585.50 in fees and costs to "re-do" infringement analyses based on Defendants' discovery misconduct. The Court determined that Plaintiffs were entitled to some if not all, of this amount, but that because the fees had not yet been incurred, the Court awarded one-third, or $97,528.50 and deferred a further award of sanctions until such time that Plaintiffs actually incurred the costs and could justify the fees and costs. Plaintiffs now seek $112,932.50 in this category.

The amounts now sought in this category include work from March 2008 through October 2008. Because the Court's August 12, 2008 Order contemplated that the further sanctions award would compensate for fees and costs not yet incurred, the Court declines to award sanctions from March 2008 through August 2008. The fees and costs incurred from August 2008 through October 2008 in the amount of $45,181.00 are on the whole reasonable. However, the Court further reduces this amount by 10% to account for any inefficiency and to eliminate work that was not exclusively related to Plaintiffs' efforts to repeat tasks (e.g., time entry from October 31, 2008 includes time spent on "trial strategy issues"). Therefore, Plaintiffs are entitled to an award of $40,662.90 in this category.

### 4. Fees and costs for technical experts to review late-produced evidence

In the August 12, 2008 Order, the Court noted that Plaintiffs sought $135,000 in this category, which reflected 30% of the actual time devoted by technical consultants to analyzing the evidence. The Court awarded $135,000 for technical expert fees, subject to production of documentation of that amount. Plaintiffs now seek $121,127.50 in this category for time spent by experts (the Precedia group and Professor Douglas Tygar) from March 2008 through November 2008, which encompasses the time period during which Defendants started to produce documents. This amount is well within the amount ordered by the Court in August 2008. However, the Court will reduce the amount sought by 5% to account for any inefficiency and because a small amount of the time spent would likely have needed to be spent in any event for trial preparation (e.g., time entry from April 22, 2008 includes time spent to "review old reports."). Therefore, Plaintiffs are entitled to $115,071.12 in this category.

3

**5.    Fees and costs in taking discovery on late-produced reports and source code**

In Plaintiffs' June 2, 2008 Statement of Incurred Costs and Projected Additional Expenses Resulting from Defendants' Failure to Meet Discovery Obligations, Plaintiffs sought $25,000 for the estimated cost associated with discovery as to late-produced source code, $25,000 for estimated cost associated with discovery of late-produced design documents and $50,000 in estimated cost associated with late-produced reports. In the August 12, 2008 Order, the Court denied the estimated cost for discovery with respect to design documents because the Court did not find spoliation of those documents. The Court stated that Plaintiffs were entitled to some of the expenses for taking additional depositions regarding source code and reports, but because the fees had not yet been incurred, the Court awarded $25,000 and deferred a further award until Plaintiffs had incurred the fees and could justify them.

Plaintiffs now seek $89,735.00 in this category for time spent from May 2008 through August 2008. Because the Court's August 12, 2008 Order contemplated that the further sanctions award would compensate for fees and costs not yet incurred, and Plaintiffs' estimate of fees and costs was made in June 2008, the Court declines to award sanctions from May 2008. The time spent after May 2008 was reasonable. However, the Court further reduces the amount by 5% to account for any inefficiency. Therefore, Plaintiffs are entitled to $68,856.00 in this category.

**6.    Time spent by expert Daniel Lanovaz to review late-produced reports and source code in light of proposed jury instruction**

On June 2, 2008, Plaintiffs filed the declaration of Daniel Lanovaz in support of their Statement of Incurred Costs and Projected Additional Expenses. See Docket # 510. In that declaration, Mr. Lanovaz estimated that it would take him 3,135 hours at the rate of $275 per hour for a total of $862,125.00 to analyze Defendants' late-produced reports and source code. In the August 12, 2008 Order, the Court ordered Plaintiffs to provide a supplemental declaration from Mr. Lanovaz regarding the time it would take him to evaluate the late productions and to assimilate them into his infringement and damages analysis, and regarding which portions of his analysis would be unnecessary in light of the Court's recommended adverse inference instruction. Plaintiffs filed Mr. Lanovaz' supplemental declaration on September 2, 2008, which included a revised cost estimate of $866,525.00. On September 10, 2008, Defendants filed objections to Mr. Lanovaz' declaration,

4

arguing that any analysis of the source code by Mr. Lanovaz would be unnecessary because Plaintiffs' infringement contentions show that they do not rely on Defendants' code as a basis for infringement, and that most of Mr. Lanovaz' estimate is based on time analyzing the source code. Defendants also objected on the grounds that the analysis that Mr. Lanovaz proposed to do would take over nineteen months to complete based on the total number of hours required, so his work would not be available for trial, which was scheduled for January 2009. In addition, Defendants objected to Mr. Lanovaz' time spent analyzing the Reporting Central/Problem Tracker on the grounds that Mr. Lanovaz had access to that system when making his initial declaration in May 2008.

The Court declines Plaintiffs' invitation to disregard Defendants' objections, some of which are well-taken. In particular, Mr. Lanovaz' projected estimate of time to be spent on analysis is dubious because there was not enough time to complete his analysis between either of the dates of his estimates and trial. Further, it is unclear to the Court from the papers exactly what additional analysis, if any, Mr. Lanovaz actually completed. Accordingly, Plaintiffs' request for Mr. Lanovaz' fees is denied without prejudice. Plaintiffs may file a revised declaration from Mr. Lanovaz regarding the time actually spent on the analysis described in his prior declarations. Plaintiffs shall also respond in a brief, no longer than five pages, to Defendants' objection that analysis of the source code was unnecessary. The brief and declaration shall be filed no later than April 3, 2009. If Defendants are correct that Plaintiffs' infringement contentions and expert report do not rely on source code, the Court will take that into account in determining whether any of these expenses were reasonably incurred.

**Conclusion**

Accordingly, Defendants shall pay $ 282,970.37 to Plaintiffs as further sanctions as described in the Court's August 12, 2008 Order. These sanctions shall be paid no later than April 24, 2009.

**IT IS SO ORDERED.**

Dated: March 27, 2009

ELIZABETH D. LAPORTE
United States Magistrate Judge

5